OPINION
PER CURIAM.
In October 1999, Benjamin Ratner, age 13, was in the eighth grade at Blue Ridge Middle School in Loudoun County, Virginia.[1] On October 8, 1999, a schoolmate told Ratner that she had been suicidal the previous evening and had contemplated killing herself by slitting her wrists. She also told Ratner that she inadvertently had brought a knife to school in her binder that morning. Ratner had known her for two years, was aware of her previous suicide attempts, and feared for her safety. Thus, he took the binder from her and put it in his locker. He did not tell school authorities about the knife, but he intended to tell both his and her parents after school.
By lunchtime that day, Roberta Griffith, Assistant Principal at the school, had learned that the girl might have given a knife to Ratner.
Eventually, Fanny Kellogg, Dean at the school, summoned Ratner to her office and asked him about the knife. Ratner admitted that he had it, and at Kellogg’s direction he went alone to his locker, retrieved the binder, and gave it to Kellogg. Kellogg acknowledged that she believed Ratner acted in what he saw as the girl’s best interest and that at no time did Ratner pose a threat to harm anyone with the knife.
Nonetheless, Ratner was then suspended by Griffith for 10 days for possessing a knife on school grounds in violation of school board policy. Four days later, the school’s principal, Joseph Mauck, affirmed Ratner’s suspension with written notice. Two days after that, Edgar Hatrick, Division Superintendent for the Loudoun County Public Schools, issued written notice informing Ratner that he was being suspended indefinitely pending further action by the school board, and informing Ratner that Hatrick was recommending to an administrative hearing panel that Ratner be suspended for the remainder of the *142 school term, which ended February 1, 2000. The administrative hearing panel met on October 29, 1999, and recommended Ratner be suspended for the remainder of the term, and Hatrick then gave Ratner written notice of his long-term suspension. Ratner’s mother, Beth Haney, requested and received a hearing before the school district’s Discipline Committee to appeal, but that committee unanimously approved Ratner’s long-term suspension.
Ratner, through his mother, filed suit against the school district and four of its employees under 42 U.S.C. § 1983. Ratner’s complaint asserted that his suspension under what is called a zero tolerance policy[2] amounted to violations of Ratner’s Fourteenth Amendment rights to due process and equal protection and his Eighth Amendment right to be free from cruel and unusual punishment, and asserted several other causes of action, and sought compensatory and punitive damages, fees and costs, and other relief.
The district court dismissed Ratner’s complaint for failure to state a claim under Fed.R.Civ.P. 12(b)(6). We review de novo a district court’s decision to dismiss a case for failure to state a claim. Mayes v. Rapoport, 198 F.3d 457, 460 (4th Cir.1999). In reviewing a 12(b)(6) dismissal, we construe factual allegations in the nonmoving party’s favor, treating them as true, and we will affirm a dismissal for failure to state a claim only if it appears that the plaintiffs would not be entitled to relief under any facts which could be proved in support of their claims. Mayes, 198 F.3d at 460 (quotations and citations omitted). Having heard oral argument and considering the briefs and the record, we find no reversible error, and we affirm substantially for the same reasons expressed by the district court in its opinion, Ratner v. Loudoun County Pub. Sch., Civ. No. 00-944-A (E.D.Va. July 28, 2000).
In its memorandum opinion, the district court concluded Ratner’s claim was, in essence, a claim of due process violations. The district court also concluded, correctly, that the school officials gave Ratner constitutionally sufficient, even if imperfect, process in the various notices and hearings it accorded him, and we agree. See Goss v. Lopez, 419 U.S. 565, 581, 95 S.Ct. 729, 42 L.Ed.2d 725 (1975) (describing process due students in connection with suspensions from school).
However harsh the result in this case, the federal courts are not properly called upon to judge the wisdom of a zero tolerance policy of the sort alleged to be in place at Blue Ridge Middle School or of its application to Ratner. Instead, our inquiry here is limited to whether Ratner’s complaint alleges sufficient facts which if proved would show that the implementation of the school’s policy in this case failed to comport with the United States Constitution. We conclude that the facts alleged in this case do not so demonstrate.
The judgment of the district court is accordingly

AFFIRMED.

. Our recitation of the facts of this case are those found in Rainer’s complaint, which we accept as true for the purposes of this appeal. Mayes v. Rapoport, 198 F.3d 457, 460 (4th Cir. 1999).

. Ratner's complaint asserts that the school employs a zero tolerance policy regarding weapons, a policy that precludes officials from considering the circumstances of a particular case when meting out punishment. Although we accept Ratner’s assertion as true for the purposes of this appeal, we note that his brief’s recitation of the school’s policies indicates that possession of a weapon on school grounds would not necessarily result in long-term suspension. Instead, as recited by Ratner, board policy in such cases apparently begins with a presumption that offending students will be expelled (permanently removed) but allows school officials discretion to subject offending students “to such lesser disciplinary action, including long-term suspension [suspension for one or two semesters], as may be deemed appropriate.”